Michael I. Welker, UBN 7447
GALLIAN WELKER & ASSOCIATES, L.C.
965 East 700 South, Suite 305
St. George, Utah 84790
Telephone: (435) 628-1682
Facsimile: (435) 628-9561
welker@utahcase.com
*Attorneys for Plaintiff Ben Pinto*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| BEN PINTO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAMES McKINNON, an individual,<br><br>Defendant. | **COMPLAINT**<br><br>Case No.:<br><br>District Judge:<br>Magistrate Judge: |

Plaintiff BEN PINTO, by and through his attorneys of the law offices of GALLIAN WELKER & ASSOCIATES, L.C., and in support of his claims against Defendant JAMES McKINNON, hereby avers and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff BEN PINTO ("Plaintiff" or "Mr. Pinto") is an individual domiciled in and a citizen of Miami, Miami-Dade County, Florida.

2. Upon information and belief, Defendant JAMES McKINNON ("Defendant" or "Mr. McKinnon") was and is, at all times relevant hereto, an individual domiciled in and a citizen of Laketown, Rich County, Utah.

3. The acts or omissions of Defendant giving rise to this action and Plaintiff's injuries and claims arise out of a motor vehicle collision that occurred in the District of Utah, Central Division,

on Utah State Route 30, near the town of Garden City, Rich County, Utah, on May 14, 2020.

4.      Plaintiff has suffered personal bodily injury and economic damages exceeding the sum or value of seventy-five thousand and no/100 dollars ($75,000.00), exclusive of interest and costs and has diverse citizenship from Defendant; accordingly, this Court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1332(a)(1).

5.      This Court has personal jurisdiction over the Defendant because Defendant resides in this judicial district; accordingly, venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (c)(1).

## GENERAL FACTUAL ALLEGATIONS

6.      Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 5 of this Complaint and, by this reference, incorporates them herein as if set forth in full.

7.      On May 14, 2020, around 4:00 p.m., Mr. Pinto was the restrained driver of a 2006 Four Winds Motor Home, traveling around forty (40) miles per hour, south/southeast on Utah State Route 30, near Garden City, Utah, returning from a vacation to his home in Las Vegas, Nevada.

8.      Weather and road conditions were clear and dry on a partly cloudy day. Utah State Route 30, at the relevant portion, is an undivided two-lane road, with a very minimal shoulder.

9.      As Mr. Pinto traveled south/southeast on a sweeping curve (curving to Mr. Pinto's left), Defendant was driving a 2007 Chevrolet Silverado pickup truck in the opposing lane, traveling north/northwest.

10.     As Defendant navigated the sweeping curve, he was distracted by the laptop computer in his vehicle and took his eyes and attention off the road to attempt to keep the laptop computer from falling off the seat of his pickup truck.

11.     As Defendant was attempting to grab the laptop computer, Defendant's vehicle crossed the center line of the road, entering into Mr. Pinto's lane and directly into Mr. Pinto's direction of travel.

12.     To avoid a direct head-on collision, Mr. Pinto immediately slowed and began to move as far to the right as was feasible, given the minimal shoulder space and fall off at the right edge of Utah State Route 30.

13.     Defendant did not make any attempt to correct his course or return to his proper lane of travel.

14. Due to his timely and responsive driving, Mr. Pinto successfully avoided a direct head-on collision, but he was unable to avoid being struck at speed by Defendant's vehicle, which, at the time of the collision, was traveling north/northwest in the south/southeast lane, which is to say well into Mr. Pinto's lane.

15. Defendant's Silverado sideswiped the motor home, shoved it forcefully and further off the side of the road, destroyed the left-side mirror, explosively shattered the driver's side window, and did significant damage to the entire left side of the motor home, disabling the vehicle and ultimately rendering it undriveable.

16. A trail of debris and fluid was left strewn for some distance throughout Mr. Pinto's lane. Defendant's Silverado was also disabled during the collision, with his side mirror and left front tire destroyed.

17. Rich County Sheriff's Office responded to the scene of the collision, and Defendant was cited for a violation of Utah Code 41-6a-803, for unsafe operation of a vehicle.

18. As a direct and proximate result of the collision caused by Defendant James McKinnon, Mr. Pinto was violently flung around in the vehicle he was driving, causing him substantial bodily injury, shock, and emotional harm.

19. Defendant is at fault for the collision and all injuries sustained by Mr. Pinto in and as a result of the collision.

20. Mr. Pinto bears no fault for the collision, any actions or events leading thereto, or his resulting injuries.

## FIRST CAUSE OF ACTION
### *Negligence*

21. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 20 of this Complaint and, by this reference, incorporates them herein as if set forth in full.

22. Without limitation, Defendant, in his capacity as a licensed driver and an operator of a motor vehicle on a public road in the State of Utah, owed the public, and, specifically, Mr. Pinto, a duty of care to maintain appropriate control of his vehicle, to keep a proper lookout for other vehicles in his

path of travel, to obey traffic rules to keep a safe distance between his vehicle and other vehicles, and to generally operate his vehicle in a reasonable, prudent, and safe manner, so as to avoid injuring other individuals and their property.

23. Without limitation, Defendant breached his duty to Mr. Pinto when he failed to maintain appropriate control of his vehicle, to keep a proper lookout for other vehicles in his path of travel, to obey traffic rules to keep a safe distance between his vehicle and Mr. Pinto's vehicle, and to generally operate his vehicle in a reasonable, prudent, and safe manner, so as to avoid injuring Mr. Pinto and his property.

24. Defendant knew, or reasonably should have known, that such an accident was a foreseeable and likely consequence of his careless and negligent operation of the vehicle he was driving.

25. As a direct and proximate result of Defendant's negligent conduct, Mr. Pinto sustained damages including, but not limited to, pain and suffering, lost quality of life, lost income, past and future medical expenses, and other past and future incidental and consequential expenses and damages.

26. As the direct and proximate result of the injuries suffered by Mr. Pinto as a result of Defendant's negligent conduct, Mr. Pinto was required to and did employ physicians, physical therapists, and other medical personnel for examination, treatment, and care of his injuries, and Mr. Pinto did thereby incur substantial and incidental expenses for the treatment of his injuries.

27. Defendant is liable for all general, consequential, and incidental damages to Mr. Pinto, as alleged.

## SECOND CAUSE OF ACTION
*Prima Facie Negligence*

28. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1 through 27 of this Complaint and, by this reference, incorporates them herein as if set forth in full.

29. Without limitation, Defendant, in his capacity as a licensed driver and an operator of a motor vehicle on a public road in the State of Utah, owed the public, and, specifically, Mr. Pinto, a duty of care to operate his vehicle on the right half of the roadway, to yield the right-of-way to a vehicle

traveling in the proper direction on a roadway and within a distance constituting an immediate hazard, to operate and move his vehicle with reasonable safety, to maintain his vehicle in his own lane unless and only if a lane change could be made with reasonable safety, and to avoid careless driving by searching or reaching for an item in his vehicle.

30. Without limitation, Defendant breached his duty Mr. Pinto when he failed to operate his vehicle on the right half of the roadway, failed to yield the right-of-way to a vehicle traveling in the proper direction on a roadway and within a distance constituting an immediate hazard, failed to operate and move his vehicle with reasonable safety, failed to maintain his vehicle in his own lane unless and only if a lane change could be made with reasonable safety, and failed to avoid careless driving by searching or reaching for an item in his vehicle; and, in so doing, Defendant violated each of Utah Codes 41-6a-701(1), 41-6a-701(2)(a)(i-ii), 41-6a-803, 41-6a-804(1)(a), and 41-6a-1715.

31. Without limitation, Defendant's violations of the Utah Codes referenced in Paragraph 30, constitute prima facie negligence.

32. As a direct and proximate result of Defendant's negligence, Mr. Pinto sustained damages including, but not limited to, pain and suffering, lost quality of life, lost income, past and future medical expenses, and other past and future incidental and consequential expenses and damages.

33. As the direct and proximate result of the injuries suffered by Mr. Pinto as a result of Defendant's negligence, Mr. Pinto was required to and did employ physicians, physical therapists, and other medical personnel for examination, treatment, and care of his injuries, and Mr. Pinto did thereby incur substantial and incidental expenses for the treatment of his injuries.

34. Defendant is liable for all general, consequential, and incidental damages to Mr. Pinto, as alleged.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ben Pinto hereby respectfully requests that judgment be entered in his favor and against Defendant James McKinnon, as follows:

A. As to both causes of action, for the general damages that Mr. Pinto suffered, including

pain and suffering, emotional distress, and impairment and loss of quality of life, in amounts to be proven at trial;

B. As to both causes of action, for all consequential, incidental, and special damages that Mr. Pinto suffered, including, but not limited to, past and future medical expenses, lost income, and lost personal property, in amounts to be proven at trial;

C. For pre-judgment interest from the date of Mr. Pinto's injuries and for post-judgment interest at the legal rate on the damages assessed by verdict until paid;

D. For Mr. Pinto's attorneys' fees and costs incurred and accruing; and

E. For such other and further relief as this Court deems just under the circumstances.

DATED this 19th day of May 2023.

        **GALLIAN WELKER & ASSOCIATES, L.C.**

        /s/ Michael I. Welker
        Michael I. Welker, UBN 7447
        965 East 700 South, Suite 305
        St. George, Utah 84790
        Telephone: (435) 628-1682
        Facsimile: (435) 628-9561
        welker@utahcase.com
        *Attorneys for Plaintiff Ben Pinto*